UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JODY SWAFFORD (#555956) | CIVIL ACTION |
| VERSUS | |
| BURL CAIN, ET AL. | NO. 13-0788-JWD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 18, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JODY SWAFFORD (#555956)**                                CIVIL ACTION

**VERSUS**

**BURL CAIN, ET AL.**                                       NO. 13-0788-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Legal Programs Director Trish Foster, Lt. L. Roblin and Major J. Butler, complaining that his constitutional rights were violated in connection with disciplinary charges issued against him on August 23, 2013, and with the subsequent finding of guilt in connection therewith. The plaintiff complains that he was denied both substantive and procedural due process in connection with the referenced disciplinary proceedings, and he prays for compensatory and punitive damages as a result of the defendants' alleged wrongful conduct.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed under these statutes if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless

legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that on August 23, 2013, he was charged with a Rule 30W disciplinary violation, which is defined by the prison rulebook as encompassing general but non-specific prohibited behavior by inmates. The charge was later amended to reflect two violations, one being of Rule 30H, defined as "[b]ribing, influencing, or coercing anyone to violate institutional policies, procedures, rules, or state or federal laws," and one being of Rule 30V, defined as "[f]ailing to cooperate with an investigation." According to the plaintiff, the sole factual basis for the Rule 30H charge was an assertion that a co-inmate had been overheard on the telephone instructing a family member to send $50.00 to the plaintiff's inmate account "for something [the plaintiff] did for him," after which a sum of money was in fact sent for deposit to the plaintiff's account. With regard to the Rule 30V violation, the plaintiff asserts that the sole factual basis therefor was his asserted refusal, when asked, "to provide information on why he received the money from [the co-inmate's] family." According to the plaintiff, these factual assertions, and the evidence produced to support same, were not sufficient to support the subsequent finding of guilt in connection with the charges. Specifically, he asserts that there was no evidence introduced to show (1) that he himself knew that the referenced money was being sent to his account by the co-inmate's family, (2) that he in fact bribed, influenced or coerced the co-inmate to have the money sent, or (3) that he possessed any information whatever to provide to prison officials when questioned why the money was sent. Further, the plaintiff asserts that

his alleged wrongdoing, if any, should have warranted only a disciplinary charge for a lesser Rule 4 offense, which Rule generally prohibits the violation of posted policies. In support of this contention, the plaintiff points to LSP Posted Policy No. B-09-003, which purportedly provides that "no inmate shall receive money from anoter [sic] offender or the offenders family without the authorization [sic] or approval of the Warden." Finally, the plaintiff complains that he was denied procedural due process in connection with his subsequent disciplinary proceedings because defendant J. Butler, who chaired the plaintiff's disciplinary board hearing on August 30, 2013, was biased against the plaintiff and because prison officials thereafter failed to timely respond to the plaintiff's disciplinary appeal.

The plaintiff's allegations fail to state a claim cognizable in this Court. First, the Court notes that the plaintiff has named the defendants in both their individual and their official capacities. Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against a state official acting in an official capacity, specifically because such an official is not seen to be a "person" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim asserted against the defendants in their official capacities for monetary damages is subject to dismissal. In contrast, the plaintiff's claim asserted against the defendants in their individual capacities remains theoretically viable because a claim asserted against a state official in an individual capacity, seeking to impose liability for actions taken under color of state law, is not treated as a suit against the state. *Id.* at 29.

Turning to a substantive review of the plaintiff's claims asserted against the defendants in their individual capacity for monetary damages, the Court first finds that the plaintiff is barred from the recovery of compensatory damages in this case by reason of 42 U.S.C. § 1997e(e). Pursuant to this statute, a prisoner plaintiff is prohibited from receiving compensatory damages for mental or emotional injury in the absence of some showing of physical injury. The plaintiff has not alleged that he has sustained any physical injury as a result of the defendants' alleged wrongdoing. Accordingly, this aspect of the plaintiff's claim must be rejected. Whereas the plaintiff might still recover nominal or punitive damages, he would be required to make a showing that the defendants intentionally violated his constitutional rights. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

Upon a review of the plaintiff's factual allegations, the Court next concludes that the plaintiff has failed to allege sufficient personal involvement on the part of defendants Burl Cain, Trish Foster and L. Roblin in the events alleged. In this regard, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional

violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, it appears that the plaintiff has failed to sufficiently allege that defendants Cain, Foster and Roblin have undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no factual allegations whatever relative to defendant Foster in the body of the Complaint and only lists this person as a named defendant in the Caption thereof and in the section where he designates the "Parties" to the proceeding. And with regard to defendants Cain and Roblin, the plaintiff appears to assert only that these defendants failed to take appropriate action in response to the plaintiff's administrative appeal of the referenced disciplinary conviction. Specifically, the plaintiff complains that, after he filed a disciplinary appeal, he "never received a timely response from Warden Burl Cain ... nor was there any request made from Warden Cain or L. Roblin for an extension of time." *See* Rec. Doc. 1-1 at p. 6. To the extent that this allegation may be interpreted as complaining of the actions of these defendants in the handling of the plaintiff's disciplinary appeal, this claim is not one of constitutional dimension. The plaintiff does not have a constitutional right to have his administrative claims properly investigated, handled, or favorably resolved, *Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id.* at 373-74. Accordingly, the plaintiff's claims asserted against defendants Cain, Foster and Roblin are without legal or factual foundation, and these defendants are entitled to judgment as a matter of law in connection with the plaintiff's claims.

The plaintiff next complains that he was denied both substantive and procedural due process in connection with the referenced disciplinary board proceedings, which proceedings were allegedly chaired by defendant J. Butler. Specifically, the plaintiff complains that there was insufficient evidence to support the finding of guilt, that defendant Butler was biased against the plaintiff, and that certain unspecified procedural protections were not afforded during the disciplinary proceedings.

From a substantive due process standpoint, in order for a prison disciplinary decision to pass constitutional muster, there must only be "some facts" or a "modicum of evidence" to support the finding that the inmate committed the offenses in question. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985). Thus, "[p]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials." *Washington v. Parker*, 53 F.3d 1282, *3 (5th Cir. 1995) (internal quotation marks omitted). The "some evidence" standard is extremely deferential, *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005), and "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." *Washington v. Parker, supra, quoting Superintendent, Mass. Corr. Inst. Walpole v. Hill*, *supra,* 472 U.S. at 455. The relevant question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* Indeed, even where there is no direct evidence and the existing evidence is "meager," the board's decision must be upheld so long as there is "some evidence" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. Walpole v. Hill*, *supra,* 472

U.S. at 457.

In the instant case, it appears that there was in fact "some evidence" to support the finding of guilt in connection with the referenced disciplinary charges and punishment. The plaintiff does not dispute the factual assertion made by the investigating prison official in the referenced disciplinary report that a co-inmate was overheard on the telephone requesting that money be forwarded by a family member for deposit into the plaintiff's account, "for something [the plaintiff] did for [the co-inmate]." Nor does the plaintiff dispute that moneys were thereafter received by prison officials from the co-inmate's family. Instead, the plaintiff appears to rely upon a purported inability of prison officials to provide direct evidence of a request made by him to the co-inmate, of any specific service performed for the benefit of the co-inmate, or of any knowledge on the plaintiff's part that moneys would be forthcoming from the co-inmate's family. Notwithstanding, as noted above, direct evidence is not required, and the clear inference to be drawn from the above chronology of events, *i.e.,* from the telephonic request by the co-inmate, followed by transmission of the requested funds from a family member, all in apparent payment "for something [the plaintiff] did for [the co-inmate]," is that the plaintiff had some participation in the referenced transaction. Further, inasmuch as Rule 30H prohibits an inmate from "influencing ... anyone to violate institutional policies, procedures [or] rules," and inasmuch as the plaintiff concedes that there is an institutional policy which prohibits the receipt of money from a co-inmate's family without the warden's approval, it is clear that the plaintiff's conduct reasonably falls within the parameters of Rule 30H. Further, the plaintiff's failure to provide information when questioned regarding a matter about which he presumptively had some knowledge may be seen to support the asserted violation of Rule 30V. Accordingly, the Court finds that there was "some" evidence, sufficient to support the finding of guilt in connection with the referenced violations, and the plaintiff's claim in this regard should be

rejected.

The plaintiff also asserts that defendant Butler exhibited bias toward the plaintiff during the referenced disciplinary proceedings and that the defendant was "prejudged" against the plaintiff. This assertion, however, is wholly conclusory, and the plaintiff provides no facts whatever to corroborate or substantiate this bare allegation. Whereas considerations of due process may, under certain circumstances, require that disciplinary hearings be conducted by impartial officials, the extent of such impartiality "must be gauged with due regard to the fact that they 'take place in a closed, tightly controlled environment' in which '[g]uards and inmates co-exist in direct and intimate contact.'" *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984), *citing Wolff v. McDonell*, 418 U.S. 539, 561-62 (1974). Thus, "[w]hile the requirement of impartiality may require the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident, the disqualification of an official who is not involved or only tangentially involved in the incident is not required." *Campbell v. Director*, 2010 WL 1070980, *2 (E.D. Tex. Mar. 3, 2010). Similarly, an inmate may not be heard to complain of bias in connection with disciplinary proceedings merely because a member of the disciplinary board has previously participated in another matter involving the plaintiff. *See, e.g., Frank v. Larpenter*, 234 F.3d 706, *4 (5th Cir. 2000) (finding that a prison disciplinary board does not violate due process by punishing a detainee who has previously filed and settled a lawsuit against one of its members); *Adams v. Gunnell, supra*, 729 F.2d at 370 (same, where the disciplinary panel included "an official with whom the accused inmate [had] had a factually unrelated grievance in the past"). Accordingly, in the absence of any factual allegation to substantiate the plaintiff's assertion of bias or prejudice, the Court finds that this claim is wholly unsupported and is therefore without substantive merit.

Finally, with regard to both the plaintiff's assertion of bias and also his claim of

unspecified procedural deficiencies occurring during his disciplinary proceedings, the Court notes that the plaintiff has not informed the Court of the sanction which was imposed as a result of the referenced disciplinary charges or whether he was sentenced to the loss of any accrued good time credit as a result thereof.  In this regard, in the wake of the United States Supreme Court's decision in *Sandin v. Connor*, 515 U.S. 472, 486 (1995), the procedures attendant to ordinary prison disciplinary proceedings are not seen to implicate any constitutionally protected liberty interest unless the resulting punishment has subjected an inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the state might conceivably have created a liberty interest for the benefit of the inmate.  *Id.* at 486.  In *Sandin*, the Supreme Court identified certain deprivations meeting this criteria, including the forced administration of psychotropic drugs, the involuntary transfer of an inmate to a mental hospital, and the imposition of a penalty affecting the length of an inmate's confinement, but concluded that a disciplinary sentence of a mere placement in segregated confinement failed to rise to the level of a constitutional claim.  *Id.* at 484, 486.  In reliance on *Sandin*, the Fifth Circuit has subsequently concluded, in the disciplinary context, that deprivations which meet the "atypical and significant" standard will normally consist of deprivations which clearly impinge on the duration of confinement.  *See Orellana v. Kyle*, 65 F.3d 29, 31-31 (5th Cir. 1995) (concluding that, after *Sandin,* few deprivations in the prison context, "short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status").  Therefore, to the extent that the plaintiff did not lose any accrued good time credit as a result of the disciplinary sentence complained of herein, he has no federally protected procedural due process rights and has suffered no constitutional deprivation.  *See Johnson v. Boland*, 2012 WL 2358157, *1 (N.D. Tex. May 31, 2012) (rejecting an inmate's claim of bias during disciplinary proceedings where the inmate failed to show that his resulting sentence included a loss of good

time credits).

If, on the other hand, the plaintiff did in fact suffer a loss of accumulated good time credit, and therefore suffered a deprivation which impacted upon his ultimate release date, then his claim for monetary damages is nonetheless barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful period of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," either by state officials or through federal habeas corpus after the exhaustion of state court remedies. *Id.* In the present case, were this Court to determine that the plaintiff is entitled to monetary damages as a result of a disciplinary sentence that resulted in the loss of good time credit, this would necessarily imply that the disciplinary sentence was wrongful and should be overturned. Since the plaintiff has failed to allege or show that the offending disciplinary sentence has been invalidated or called into question in a separate proceeding, either in a state proceeding or through federal habeas corpus, the plaintiff's claim for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying the *Heck* rule in the context of a prisoner's claim regarding the deprivation of good time credit). Accordingly, in the event that the plaintiff was in fact sentenced to a loss of good time credit in this case, his claim for monetary damages arising out of the alleged unconstitutional disciplinary charges has not yet accrued and must be dismissed. *See Montoya v. Jones*, 118 Fed. Appx. 797, 798 (5th Cir. 2004) (upholding a dismissal, as frivolous, of a plaintiff's claim because he "cannot attack his disciplinary proceedings resulting in the loss of good time credits in a § 1983 action until his 'convictions' in those proceedings have been

expunged, reversed or otherwise set aside"); *Johnson v. Boland, supra* (same). This claim as well, therefore, must be dismissed.

## RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on August 18, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

1. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."